**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARACELI GRANADOS,<br><br>Plaintiff,<br><br>v.<br><br>DART CONTAINER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 26-cv-05115<br><br>Judge John J. Tharp, Jr. |

## ORDER

The plaintiff's motion for leave to amend the complaint [20] is granted. The plaintiff shall file the amended complaint as a separate docket entry. The defendant's motion to dismiss [16] is denied without prejudice as moot.

## STATEMENT

The plaintiff, Araceli Granados, sues her former employer, Dart Container, for discrimination based on her age and her race and retaliation for engaging in the protected activity of reporting discrimination and a hostile work environment. *See* 29 U.S.C. § 623(a); 42 U.S.C. §2000e-3(a). Dart Container has moved to dismiss the complaint for plaintiff's failure to effect service within 90 days and for failure to state a claim upon which relief can be granted. See Fed. Rs. Civ. P. 4(b), 12(b)(6).

The Court accepts the factual allegations in the complaint and the response to the motion to dismiss as true. (A plaintiff may augment her factual allegations in response to a motion to dismiss so long as the new assertions remain consistent with the complaint. *Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).) The Court may also consider the EEOC charge appended to the complaint, which is part of that pleading for all purposes. *See* Fed. R. Civ. P. 10(c); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

Granados began working for Dart Container in 1999 and most recently held the position of inspector/packer. During her employment, she was subjected to harassment based on her age and race. After complaining to her employer, she found that she was subjected to greater scrutiny and discipline, and then she was discharged.

After receiving a right-to-sue notice from the EEOC, Granados filed suit on May 3, 2026. The defendant was served, through a hired process server, on September 11, 2026—130 days later. In the meantime, Granados had sent through certified mail to Dart Container a request to waive service of process, to which the defendant did not respond. She requested issuance of a summons on July 6 and retained a process server. On September 1, Plaintiff submitted a status report on the

court's order, reporting that "plaintiff has made multiple attempts contacting the process server but has received no response," and that she hired another process server on September 1. The plaintiff provides emails confirming that she hired the initial process server and her follow-up emails were not received. (Contrary to the plaintiff's statement, however, the emails do not establish that she was told that Dart Container had been served; another defendant in another case was.) On October 2, 2026, Dart Container moved to dismiss the complaint for failure to effect timely service and failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 4(m) prescribes a 90-window in which to serve a defendant, after which the Court must order that service be completed within a specified time or dismiss the action without prejudice. But the rule also provides that upon a showing of good cause, the court "must" extend the time for service "for an appropriate period." *Id.*; *see Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011). Alternatively, the Court may grant a discretionary extension of the time for service, even without a showing of good cause.

Granados argues that there is good cause for the lack of timely service, meriting the "compulsory extension" of time. *See Cardenas* 646 F.3d at 1006. "Good cause" means "justifiable delay," or a "valid reason for delay." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). There is a valid reason here. Granados first attempted to obtain a waiver of service, and when Dart Container did not respond to her requests (it was not obliged to), she hired a process server. The process server received and responded to the email requesting service on Dart Container. But, according to the emails appended to Granados's response to the motion to dismiss, her follow-up emails were diverted to a spam folder, and the time for service had passed before this discovery. In the meantime, Granados had no reason to believe that service was not proceeding. True, Granados could have done more when she did not hear from the process server as the deadline approached. But her reliance on the process server was not irresponsible.

Even if the problems with the process server did not constitute good cause, this Court would exercise its discretion to extend the time for service of process based on a finding of "excusable neglect." *Id*. at 934. "The factors that courts typically consider when deciding whether to grant an extension of time for service of process include but are not limited to: whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period." *Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021).

Many of these factors favor Granados. She pursued service in a reasonably diligent manner during the allotted period (though she need not have waited so long on a response to her request for a service waiver), and she acted with urgency once she learned that the first process server did not accomplish timely service. The defendant has now been served, and before that, the defendant had actual notice of the lawsuit because Granados contacted Dart Container (successfully) to request a waiver of service (unsuccessfully). The defendant does not cite any specific harm an

extension would impose on its ability to defend itself in the case.[1] Finally, Granados would be unable to re-file this suit if it were dismissed without prejudice because the statute of limitations has expired. This combination of factors persuades the court that the plaintiff is entitled to a discretionary extension of the service period. *See Coleman*, 290 F.3d at 934 (stating that "most district judges probably would exercise lenity and allow a late service" under similar circumstances). "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). That function has been met here.

Dart Container further contends that dismissal is warranted because the "hopelessly conclusory" complaint fails to state a claim.[2] It points out, correctly, that the plaintiff used a form complaint and did not supplement it with any narrative that provided more details about the alleged acts of discrimination and retaliation.[3] Dart Container faults the plaintiff for failing to include such factual allegations as: "Plaintiff's age or race," "what it was that Defendant did that was supposedly discriminatory, or how those actions were connected in any way to her race or age," "facts about the protected conduct Plaintiff allegedly engaged in, such as the discrimination she purportedly opposed or how she opposed it," and "when or to whom she made any complaints of discrimination or when she was terminated."

When ruling on a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Seventh Circuit has been emphatic in enforcing the Supreme Court's holding that there is no heightened pleading standard for employment discrimination claims. *Carlson v. CSX Transp.,*

---

[1] The defendant argues generally: "Defendant's ability to defend would be harmed by extending the time for service. The alleged discrimination occurred back in 2023, nearly three years prior to this litigation. The longer the Court permits this action to proceed, the more difficult it will be for Defendant to obtain the necessary information to defend against the claims in this case." But the delay is about one extra month. And Dart Container presumably "obtain[ed] necessary information" during the administrative proceedings on Granados's charge.

[2] The plaintiff failed to respond to the defendant's arguments under Rule 12(b)(6), perhaps because she moved, at the same time, for leave to amend the complaint. Regardless, "Rule 12(b)(6) prevents courts from granting unopposed motions solely because there is no response." *Marcure v. Lynn*, 992 F.3d 625, 633 (7th Cir. 2021).

[3] Contrary to the defendant's contention, it is not especially difficult to parse what boxes are checked on the form, especially when it is read in tandem with the appended EEOC charge. She marked the boxes adjacent to "age" and "race" to complete the sentence, "The defendant discrimination against the plaintiff because of the plaintiff's…" And to supply the information about what the defendant did, she marked the boxes for "terminated the plaintiff's employment" and "retaliated against the plaintiff because the plaintiff did something to assert rights protected by [the listed antidiscrimination statutes]."

*Inc*., 758 F.3d 819, 827 (7th Cir. 2014); *see Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 511 (2002) ("[I]mposing [a] heightened pleading standard in employment discrimination cases conflicts with Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"). In employment discrimination cases, "[i]t is enough for a plaintiff to assert that she was treated worse because of protected characteristics." *Graham v. Bd. of Educ*., 8 F.4th 625, 627 (7th Cir. 2021); *see Carlson,* 758 F.3d at 827; *Swanson v. Citibank, N.A*., 614 F.3d 400, 405 (7th Cir. 2010) ("Swanson's complaint identifies the type of discrimination that she thinks occurs (racial), by whom (Citibank, through Skertich, the manager, and the outside appraisers it used), and when (in connection with her effort in early 2009 to obtain a home-equity loan). This is all that she needed to put in the complaint.") Like any complaint, one alleging employment discrimination and retaliation "need not plead facts corresponding to all legal elements or factors necessary to prove a case." *Thomas v. JBS Green Bay, Inc*., 120 F.4th 1335, 1337 (7th Cir. 2024) ("All the complaint need do is state a grievance. Details and proofs come later.").

The complaint here suffices under applicable standards to put Dart Container on notice of Granados's claim, and that is all it must do. "Lists of things that plaintiffs need to prove concern evidence (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings." *Id*. at 1338. If a defendant requires more facts to effectively respond to the complaint, it may file a motion for a more definite statement. *See Chapman v. Yellow Cab Coop*., 875 F.3d 846, 849 (7th Cir. 2017) ("Rule 12(e), rather than a judicial demand for fact pleading, is the right way to ask plaintiffs to lay out details that enable the defendants to respond intelligently.") In any case, Granados has requested leave to amend, and the proposed amended complaint supplies much of what the defendant finds lacking in the original.

That brings the Court to the motion for leave to amend. The plaintiff was entitled to amend as a matter of course within 21 days of the defendant's responsive pleading, which was its motion under Rules 12(b)(5) and (b)(6). *Se*e Fed. R. Civ. P. 15(a)(1)(B) (amended complaint allowed as a matter of course within 21 days of service of a motion under Rule 12(b)).[4] Leave to amend is not required. In any case, this Court would allow amendment of the complaint. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely" given when justice so requires. Leave may be denied in the case of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). None of those factors is present here.

Date: October 23, 2026

John J. Tharp, Jr.
United States District Judge

[4] For this reason, the Court did not solicit a response brief from the defendant.